# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

JO ANNA CANZONERI                                    CIVIL ACTION

VERSUS

GEORGE W. BUSH, AN INDIVIDUAL, ET AL          NO. 08-319-C

## RULING

This matter is before the court on a "Notice of Motion to Reinstatement" (Doc. No. 8) filed by plaintiff, Jo Anna Canzoneri. After reviewing the Notice, the court will treat it as a Motion for Reconsideration.  Defendants have not file opposition.

On May 27, 2008, plaintiff filed a complaint, alleging claims of breach of contract, negligence, intentional tort and fraud against the defendants.  On June 12, 2008, this court issued a judgment, dismissing plaintiff's complaint.  Plaintiff now seeks reconsideration, requesting that the court reverse the default, deficiency judgment and/or trustee's sale because there is a defect in title to said real estate property.

Although the Federal Rules of Civil Procedure do not particularly recognize the "motion for reconsideration," district courts will often accept such motions as being in the interest of substantial justice.[1]  The Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for "relief from

_____

[1] **Baustian v. State of Louisiana,** 929 F.Supp. 980, 981 (E.D. La. 1996).

Doc#1817

judgment" under Rule 60(b).[2]   A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.[3]   In this case, plaintiff's motion for reconsideration  was filed on July 7, 2008, which was well beyond the ten-day window following the court's June 12, 2008 judgment. Therefore, Rule 60(b) governs plaintiff's motion.

A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion.[4]   Under Rule 60(b), the court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[2] See **Baustain,** 929 F.Supp. at 981.

[3] See **Id.** Effective December 1, 2009, the deadline for filing a Rule 59 motion was amended to twenty-eight days after entry of judgment.  See Fed. R. Civ. P. 59(b). However, because the judgment and subsequent motion to reconsider were all filed prior to December 1, 2009, the ten-day deadline is applicable.

[4] See **Baustain,** 929 F.Supp. at 981.

Doc#1817                                        2

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests within the discretion of the court.[5] A ruling, therefore, 'should only be reconsidered where the moving party has presented substantial reasons for reconsideration.'[6]   "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advancing new arguments or supporting facts which were otherwise available [when the original motion was filed]' is likewise inappropriate."[7]

After reviewing plaintiff's motion, the court finds that plaintiff have failed to satisfy her burden of establishing a permissible reason for relief from the judgment, pursuant to Rule 60(b).

Accordingly, for the above reason, plaintiff's Motion for Reconsideration is DENIED.

Baton Rouge, Louisiana,        this 27th day of September, 2010.


RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] See **Resolution Trust Corp. v. Holmes**, 846 F.Supp. 1310, 1314 (S.D.Tex.1994).

[6] Id. at 284.

[7] See **Van Skiver v. United States,** 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).